## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Sep 06 2018, 5:51 am
**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Thomas Lowe
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T, Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| T.W., *Appellant-Defendant,*<br><br>v.<br><br>State of Indiana, *Appellee-Plaintiff* | September 6, 2018<br><br>Court of Appeals Case No. 18A-JV-292<br><br>Appeal from the Clark Circuit Court<br><br>The Honorable Vicki L. Carmichael, Judge<br><br>Trial Court Cause No. 10C04-1609-JD-248 |

**Altice, Judge.**

**Case Summary**

[1] T.W. was adjudicated a delinquent child for committing two acts of Level 3 felony child molesting if committed by an adult. The juvenile court placed T.W. on probation until age eighteen and ordered, among other things, that he not have any unsupervised contact with persons under eighteen years of age. On appeal, T.W. argues that the juvenile court abused its discretion in prohibiting him from having unsupervised contact with persons under eighteen years of age.

[2] We affirm.

## Facts & Procedural History

[3] When T.W. was fourteen or fifteen years old, he forced A.T., who was ten or eleven at the time, to perform fellatio on him. T.W. also forced anal intercourse on A.T. On September 22, 2016, the State prepared a delinquency petition alleging T.W. committed two acts of Level 3 felony child molesting if committed by an adult. On September 27, 2016, the juvenile court ordered that the petition be filed. The juvenile court held a fact-finding hearing on October 18, 2017. On November 2, 2017, the court issued its order finding both allegations true and adjudicating T.W. a delinquent child.

[4] The court held a dispositional hearing on November 29, 2017, and January 3, 2018. At the November 29, 2017 hearing, T.W.'s probation officer asked that T.W. be required to submit to a psychosexual evaluation so that he could make a recommendation best suited to T.W.'s needs. The trial court ordered the evaluation and continued the dispositional hearing to January 3, 2018. On that

date, the State presented evidence that T.W. was not doing well in school and that he had prior contacts with the juvenile justice system. T.W.'s probation officer recommended intensive outpatient treatment and that he not have unsupervised contact with persons under eighteen. T.W.'s mother testified that she still did not believe that T.W. committed the acts in question and that T.W. continued to deny that the acts occurred.

[5] In setting out its disposition, the juvenile court indicated that it was prepared to place T.W. in residential treatment. The court, however, decided to follow the recommendation of the State and T.W.'s probation officer and placed T.W. on probation until his eighteenth birthday. The court also ordered T.W. to complete a sexually maladaptive treatment program, remain on electronic in-home monitoring for three months, and not have unsupervised contact with persons under eighteen years of age. The court qualified the latter condition as follows:

> I am going to enter a No Unsupervised Contact Order, no unsupervised contact with children under the age eighteen. Obviously he'll have contact at school, he may have contact at work but there are other adults present and so he will have supervision so there's not a limitation on him engaging in those activities simply that it's not to be unsupervised contact.

*Transcript Vol. II* at 33. T.W. appeals the juvenile court's disposition. Additional facts will be provided as necessary.

## Discussion & Decision

[6] A juvenile court is accorded "wide latitude" and "great flexibility" in its dealings with juveniles. *J.S. v. State*, 881 N.E.2d 26, 28 (Ind. Ct. App. 2008). "[T]he choice of a specific disposition of a juvenile adjudicated a delinquent child is a matter within the sound discretion of the juvenile court and will only be reversed if there has been an abuse of that discretion." *Id.* (citing *E.L. v. State*, 783 N.E.2d 360, 366 (Ind. Ct. App. 2003)). An abuse of discretion occurs when the juvenile court's action is "clearly erroneous" and against the logic and effect of the facts and circumstances before it. *Id.* The juvenile court's discretion in determining a disposition is subject to the statutory considerations of the welfare of the child, the safety of the community, and the policy of favoring the least harsh disposition. *Id.* (citing *C.C. v. State*, 831 N.E.2d 215, 216-17 (Ind. Ct. App. 2005)). The goal of the juvenile process is rehabilitation rather than punishment. *R.H. v. State*, 937 N.E.2d 386, 388 (Ind. Ct. App. 2010).

[7] T.W. argues that prohibiting him from having unsupervised contact with any children under the age of eighteen does not lend itself to rehabilitation, but rather is punitive in that the condition "prohibits the development of healthy relationships and peer interaction, and, thereby, impairs [his] treatment and rehabilitation." *Appellant's Brief* at 7. T.W. also asserts that the condition is overbroad in that the interest in community safety could be served by a less restrictive condition prohibiting unsupervised contact with "young children." *Id.* Finally, T.W. argues that the condition is impracticable because he is a student enrolled in high school where he encounters peers daily.

[8] We begin with the fact that T.W. was adjudicated a delinquent for committing two acts of Level 3 felony child molesting if committed by an adult. T.W. forced his ten/eleven-year-old victim to perform oral sex on him and to submit to anal sex. Given the nature of the offenses, the juvenile court's order that T.W. not have unsupervised contact with persons under eighteen years of age is not overbroad or punitive. Rather, we find that it should aid in his rehabilitation in that it will reduce T.W.'s access to children and prevent him from being in situations that might tempt any repetition of his improper and illegal behavior.

[9] With regard to T.W.'s argument that this condition is impractical and unreasonable because he needs to go to school where he will interact with persons under eighteen, the juvenile court made it clear that activities where adults are present, such as at school or work, were not prohibited because the presence of other adults in these settings provided sufficient "supervision." *Transcript Vol. II* at 33. Thus, routine activities occurring within a school or work setting do not violate this provision. The court's caveat to the no unsupervised contact provision adequately addresses T.W.'s concerns. Given the forgoing, we conclude that the trial court did not abuse its discretion in ordering that T.W. not have unsupervised contact with persons under eighteen.

[10] Judgment affirmed.

Brown, J. and Tavitas, J., concur.